UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| Trans-Radial Solutions, LLC,<br><br>                      *Plaintiff*,<br><br>v.<br><br>Burlington Medical, LLC, Mr. John Williams, Fox Three Partners, LLC, and Phillips Safety Products, Inc.,<br><br>                      *Defendants.* | No. 2:18-cv-00656-RGD-RJK |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendants Burlington Medical, LLC ("Burlington"), John Williams, Fox Three Partners, LLC ("Fox Three"), and Phillips Safety Products, Inc. ("Phillips"), submit this Reply Memorandum in Support of their Motion to Dismiss Counts IV through XIII of the Complaint brought against them by Plaintiff Trans-Radial Solutions, LLC ("Plaintiff" or "TRS").

## INTRODUCTION

Plaintiff's Opposition to Defendant's Partial Motion to Dismiss ("Opposition") doubles down on the flawed claims set forth in the Complaint and improperly attempts to amend the Complaint by declaration and through argument. What it does not do, however, is show that the Complaint contains sufficient factual allegations to support a plausible right to relief for the laundry list of claims that the Plaintiff has baselessly, and burdensomely, asserted.

The Complaint is no doubt lengthy, but the sheer number and volume of its claims do not indicate substance. As set forth in Plaintiffs' Memorandum in Support of their Motion to Dismiss, the factual allegations in the Plaintiff's 49-page Complaint, even if taken as true, do not plausibly entitle the Plaintiff to relief on the bulk of its claims. *See*, *e.g.*, *East West, LLC v.*

*Rahman*, 873 F. Supp. 2d 721, 727 (E.D. Va. 2012) ("To survive a 12(b)(6) motion 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Defendants have moved to dismiss Counts IV through XIII of the Complaint in an effort to eliminate claims that lack factual and legal support before the parties needlessly expend further resources litigating those particularly unfounded claims.

## ARGUMENT

### I. THE CLAIMS AGAINST MR. WILLIAMS SHOULD BE DISMISSED BECAUSE THE PLAINTIFF HAS NOT PLEAD FACTS THAT PLAUSIBLY SUPPORT PIERCING THE CORPORATE VEIL.

The Complaint fails to plead facts that support piercing the corporate veil to bring claims against Mr. Williams in his individual capacity. *See* Memorandum in Support of the Defendants' Motion to Dismiss ("MTD") at 5-7. Plaintiff's Opposition seeks to avoid that conclusion by relying on allegations not found in the Complaint. *See*, *e.g.*, Opp'n at 10 (claiming for the first time, and contrary to the evidence, that Burlington was formed "to gain an unfair advantage over TRS"). The Plaintiff's new allegations however only further demonstrate the lack of support for its claims against Mr. William's.

Plaintiff now claims, for example, that "upon information and belief, Burlington is Williams' alter ego *and/or Williams acted as an independent agent for TRS separate and apart from his role as CEO of Burlington*." Opp'n at 9 (emphasis added). This is not properly pleading in the alternative, it is the assertion of two incompatible sets of fact (neither of which is in fact true). Plaintiff should not be given leave to take "limited discovery" and amend its complaint (Opp'n at 10) in order to hunt for support for claims that were improperly brought in the first place because they have no factual support.

2

## II. PLAINTIFF'S UNFAIR COMPETITION CLAIMS (COUNTS IV, V, AND VI) AND BREACH OF FIDICUARY DUTY CLAIM (COUNT IX) ARE TIME-BARRED.

As explained in the Defendants' Motion to Dismiss, under Virginia law claims for unfair competition and breach of fiduciary duty are both governed by a two-year statute of limitations. MTD at 8; *Id*. at 9-10. Plaintiff does not dispute that those claims are governed by a two-year statute of limitations. Opp'n at 4, 8. Nor does Plaintiff dispute that the acts it complains of began well over two years before it filed this Complaint. *See* Compl. ¶ 47 (explaining "TRS, through its attorney, sent a letter on September 20, 2016 to Williams objecting to the 'IV Mounted Barrier' as being a breach of their agreement…and an infringement of the '031 Registration.") Instead, TRS argues that even though it learned of the actions it complains of now by no later than September 2016, and took no legal action that year, or in 2017, or through nearly all of 2018, it can still seek relief now. That argument should fail for the reasons set forth below.

### A. Plaintiff's Claims Do Not Involve a Series of Discrete Wrongful Acts.

The actions the Plaintiff complains of do not consist of discrete acts of infringement spread over time, nor do they involve separate new wrongful acts. Instead, the Complaint alleges that the Defendants have used the same altered TRS photograph on their website continuously since 2015 to market a competing product. Compl. ¶ 116 ("Beginning in 2015, and continuously since that time, Defendants have been publishing, selling, and otherwise marketing their IV Mounted Barriers, including removing or obliterating TRS's trademark from TRS's copyrighted photographs to create Defendants' derivative marketing materials…"); *Id*. ¶ 49 (alleging Burlington "continued to market and sell the infringing product for at least two more years, as evidenced by *no change in Burlington's website offerings* for the IV Mounted Barrier") (emphasis added).

There is no allegation that the Defendants created new misleading advertisements after 2016. Instead, Plaintiff complains that the Defendants continued using *the same* allegedly improper marketing material from 2015 through 2018. *See*, *e.g.*, Compl. ¶ 49. Plaintiff cannot sit on its rights for over two years and then assert stale claims only when it decides the Defendants are no longer a useful business partner. *See* MTD at 8-9. Indeed, even when courts might otherwise permit partially time-barred claims to proceed based on the publication of new misleading advertisements within the statute of limitations, they will still apply the equitable doctrines of estopple and laches to bar claims when a Plaintiff was fully aware of the allegedly false advertising and failed to take action to stop it within the two-year statute of limitations period. *See*, *e.g.*, *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 121-122 (4th Cir. 2011) (finding laches bars false advertising claims when plaintiff knew of the allegedly false claim for more than two years and unreasonably slept on his rights),

### B. Plaintiff Improperly Attempts to Rewrite its Complaint through a Declaration submitted by the Plaintiff's CFO.

Confronted with an elapsed statute of limitations on at least four of its claims (Counts IV, V, VI, and IX),[1] Plaintiff attaches a declaration from its Chief Financial Officer, Robert Shealy, seeking to alter what it now claims was a "typographical error" in paragraphs 116 and 160 of the Complaint. Opp'n at 7-8. That argument is befuddled and improper for a number of reasons.

First of all, Mr. Shealy *does not* dispute that the acts TRS complains of took place in 2015, as stated numerous times in the complaint. *See*, *e.g.*, Compl. ¶ 33 (alleging "In or around February 2015, Burlington created a sales brochure using the copyrighted photographs supplied to Burlington by TRS.") That is the key date for determining when most of the claims at issue

---

[1] The Defendants have not argued that Count X—for breach of contract—should be dismissed based on the statute of limitations.

accrued. *See*, *e.g.*, *Goldstein v. Malcolm G. Fries & Assoc., Inc.*, 72 F. Supp. 2d 620, 26 (E.D. Va. 1999) (A "cause of action for breach of fiduciary duty accrues on the date of the breach, not the date of discovery.") Mr. Shealy's declaration claims that TRS did not *become aware* of the Defendants' actions until 2016, but that does not conflict with what is stated in paragraphs 116 and 160 of the Complaint, which talk about when the acts at issue occurred, not when they were discovered. *See* Compl. ¶¶ 116 & 160. Indeed, the Defendants' statute of limitations arguments *already accept* that discovery of the alleged wrongdoing could have occurred as late as September 2016, when TRS indisputably sent a letter to Burlington complaining of the same actions at issue now. *See* Compl. ¶ 47; MTD at 8; *Id*. at 9-10. As the Defendants previously explained, even using that date as a starting point the two-year statute of limitations for breach of fiduciary duty and unfair competition would still have run by September 2018—months before the Plaintiff filed this Complaint. *See* MTD at 8; *Id*. at 9-10.

      Plaintiff's effort to rewrite the Complaint through a declaration is both ineffective, and improper.[2] Plaintiff filed its Complaint nearly three months ago. It had ample time to review and correct any actual typographical errors. If the Plaintiff believes its Complaint is erroneous it should have sought leave to amend (or amended by right) long ago, instead of forcing the Defendants to assume the facts pled are accurate (as they must at the motion to dismiss stage) and respond accordingly. The Court should reject the Plaintiff's effort to rewrite its pleading through a declaration, which has imposed unfair burdens on the Defendants, and dismiss the impacted counts with prejudice both as time barred, and because they are legally flawed as set

---

[2] The Shealy Declaration also makes new, and implausible, claims regarding the April 13, 2017 termination letter referenced in the Complaint. That is wholly inappropriate for a motion to dismiss.

forth in the Defendants initial memorandum. *See* MTD at 7-8 (discussing the failure to plausibly allege a fiduciary duty); *Id*. at 10-12 (discussing failure to properly plead unfair competition).

### III. PLAINTIFF'S CANNOT PLAUSIBLY ASSERT A CLAIM FOR BREACH OF FIDUCIARY DUTY.

This Court should also dismiss Plaintiff's breach of fiduciary duty claim (Count IX) because nothing the Plaintiff alleges plausibly suggests that Mr. Williams agreed to act as a fiduciary for TRS. *See Bocek v. JGA Assocs., LLC*, 616 F. App'x 567, 573 (4th Cir. 2015) ("In Virginia, agency is a fiduciary relationship resulting from one person's manifestation of consent to another person that the other shall act on his behalf and subject to his control, and the other person's manifestation of consent so to act."); *Broadhead v. Watterson*, No. 5:15-CV-00020, 2016 WL 742127, at *6 (W.D. Va. Feb. 24, 2016) (dismissing claim for breach of fiduciary duty when the facts plead did not show consent to an agency relationship).

Here, the Distribution Agreement clearly states that Mr. Williams and other BMS employees "shall, under no circumstances, be deemed employees, agents or representatives of Manufacturer." 616 F. App'x at 574-75; MTD at 7-8. The Plaintiff cannot show that Mr. Williams agreed to act on Plaintiff's behalf and subject to its control when the Plaintiff signed an agreement saying the exact opposite is true. *See East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 729, n.4 (2012) ("In the event of conflict between the bare allegations of the complaint and any attached exhibit, the exhibit prevails.") (quoting *United States ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004)). Count IX should be dismissed with prejudice because the Plaintiff cannot plausibly state a claim against Mr. Williams for breach of fiduciary duty given this record.

IV. **COUNT VII – TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS – SHOULD BE DISMISSED**

Plaintiff also still fails to allege injury to "a valid contractual relationship or business expectancy," which is a key element of its tortious interference claim. *See Supinger v. Virginia*, 167 F. Supp. 3d 795, 821 (W.D. Va. 2016) (internal citation omitted). Here, Plaintiff makes a broad accusation of tortious interference based on the one single sale Burlington allegedly made to McLaren Bay Region Hospital. Opp'n at 23. a plaintiff's mere "belief and hope that a business relationship will continue" is inadequate to sustain a claim for tortious interference. *Northstar Aviation, LLC v. Alberto*, 332 F. Supp. 3d 1007, 1019 (E.D. Va. 2018). Instead, the proof must establish a "probability" not a "possibility" of future economic benefit. *Id.* (dismissing count because "the Amended Complaint contains no facts alleging that this "potential sale of helicopters" was a reasonably certain expectancy as required to state a claim for tortious interference with business expectancy."). *See also*, *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003) (granting motion to dismiss tortious interference claims and holding that "the expectancy of remaining in business is too general to support a tortious interference claim") (internal citation omitted); Mem. in Supp. at 13-14. Consequently, Plaintiff fails to state a plausible claim for tortious interference.

V. **COUNT VIII – CONVERSION – SHOULD BE DISMISSED.**

Despite making the point that "undocumented intangible property *may* be subject to conversion," Plaintiff still fails to plead the second element of conversion with regard to the "customer contacts" and other information to which it claims Defendants had access. Opp'n at 24 (emphasis added), citing *Federal Ins. Co. v. Smith*, 144 F. Supp. 2d 507, 524 n.25 (E.D. Va. 2001) (involving allegedly stolen insurance proceeds that could be traced to defendant's account and held to the exclusion of plaintiff). Plaintiff alleges that "[Defendant] Williams had access to

7

customer contacts, testing results, and technical information." Compl. ¶ 39; Opp'n at 24.[3] Because Mr. Williams was only given access to the materials, not exclusive possession or control, Plaintiff cannot allege that Mr. Williams (or any defendant) "wrongful[ly] exercise[d] dominion or control . . . over [P]laintiff's property, thus depriving [P]laintiff of possession." *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 664 (E.D. Va. 2001).

Further, Plaintiff has no serious rebuttal to Defendants' preemption argument regarding intangible information that the latter is alleged to have converted. *See* Opp'n at 26. The Virginia Uniform Trade Secrets Act ("VUTSA") preempts a conversion claim when it is "clearly discerned" that the information at issue constitutes a trade secret. *See Int'l Paper Co. v. Gilliam*, 63 Va. Cir. 485 (Va. 2003). Here, any design aspects of the demonstration units, separate and apart from the units themselves, would constitute confidential information properly pled under a VUTSA claim.

Plaintiff's Opposition misses the mark with its arguments. First, it argues that "one form of theft" should not "shield another form of theft." Opp'n at 26. That is not the point, nor does it save Plaintiff's defective pleadings that should otherwise be made in a separate cause of action. Second, Plaintiff calls the argument "specious because neither 18 U.S.C. § 1836 nor the federal rules" support it. This point rings hollow as well since Plaintiff offers no legal support for its argument and disregards the fact that the three-year-old Defend Trade Secrets Act ("DTSA") draws upon the precedents set under its state law sister statutes, such as the VUTSA.

Consequently, Plaintiff's claim must be dismissed as to all materials or information other than the purportedly missing demonstration units described in ¶ 153 of the Complaint.

---

[3] Plaintiff mischaracterizes its own allegation in its Opposition when it states that the information "was provided to the Defendants." Opp'n at 24. Per the Complaint, Williams is only given access to the materials. Compl. ¶ 39.

## VI. Count XII – Misappropriation of Trade Secrets – Should Be Dismissed

Notwithstanding the Opposition's attempt to create an issue of fact around its pleadings, Opp'n at 17-18, Plaintiff's misappropriation of trade secrets claim (DTSA) should also be dismissed. As currently pled, the claim fails to adequately allege the first two elements of the DTSA.

### A. Plaintiff Has Not Adequately Pled a Trade Secret

Plaintiff lists the trade secrets they allege were misappropriated in Paragraph 179 of the Complaint, which describes the "Trade Secrets" as issue as "confidential information regarding potential or actual TRS customers, including ship-to and bill-to-addresses, order history, contact names, and telephone numbers, and confidential deal terms." Compl. ¶ 179. As the Defendants previously explained, this information is not plausibly a protected trade secret given the established facts. *See* MTD at 20-21 (explaining the customers at issue are well known to anyone in the industry, and those customers have no reason to conceal their purchasing needs and basic information like "ship-to and bill-to addresses" and "telephone numbers.").

To avoid that conclusion, Plaintiff now shifts tack and seeks to focus instead on "TRS's technical product information." Opp'n at 19. The Court should ignore this end run around the Plaintiff's own explanation of the trade secrets at issue in Count XII. In any event, Plaintiff still fails to sufficiently plead that its purported trade secrets were reasonably protected, or that they were misappropriated.

### B. Plaintiff Has Not Pled Misappropriation.

Plaintiff still does not address how the Defendants alleged "trade secrets" were misused. *See* Opp'n at 21. More than conclusory allegations of misappropriation are needed to plead this element of the DTSA. *See All Bus. Solutions, Inc. v. Nationsline, Inc.*, 629 F. Supp. 2d 553, 558-

9

59 (W.D. Va. 2009) (dismissing a VUTSA claim consisting of conclusory allegations that the defendant misappropriated customer names, other trade secrets and confidential information but that lacked supporting factual allegations).In addition to failing to adequately plead the first element of the DTSA, the Complaint thus falls short in alleging a plausible inference of misappropriation of trade secrets. For these reasons, Count XII should be dismissed.

## CONCLUSION

For the reasons set forth above, and in the Defendant's Memorandum in Support of its Motion to Dismiss, the Defendants respectfully ask the court to dismiss all counts against Mr. Williams with prejudice, and to dismiss with prejudice Counts IV though XIII against each named Defendant.

Respectfully submitted,

*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW
Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants Burlington Medical, LLC, John Williams, Fox Three Partners, LLC and Phillips Safety Products, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on March 7, 2019, a copy of the foregoing was served by email and electronically filing a copy with the clerk of the court using the ECF filing system which automatically notifies all registered counsel of record.

*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW
Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants Burlington Medical, LLC, John Williams, Fox Three Partners, LLC and Phillips Safety Products, Inc.*