UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Trans-Radial Solutions, LLC<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Burlington Medical, LLC, Mr. John Williams, Fox Three Partners, LLC, and Phillips Safety Products, Inc.<br><br>　　　　　　　　　　Defendants. | Case No. 2:18-cv-00656-RGD-RJK |

**ANSWER TO COMPLAINT COUNTS I-III AND RELATED
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants Burlington Medical, LLC ("Burlington") and Phillips Safety Products, Inc. ("Phillips") (collectively, "Defendants"),[1] by and through undersigned counsel, deny the allegations of patent and copyright infringement set forth in Counts One through Three of he Complaint filed by Plaintiff Trans-Radial Solutions, LLC ("Plaintiff" or "Trans-Radial") and answer Counts One through Three of the Complaint as follows:

**NATURE OF THE ACTION**

1. Paragraph One states a legal conclusion as to which no response is required.

2. Paragraph Two states a legal conclusion as to which no response is required.

3. Paragraph Three states a legal conclusion as to which no response is required.

4. Paragraph Four states a legal conclusion as to which no response is required.

5. Paragraph Five states a legal conclusion as to which no response is required.

---

[1] Defendants Fox Three Partners, LLC and John Williams are not named in Counts One through Three of the Complaint.

6. Defendants admit that the Plaintiff seeks injunctive relief as well as damages.

## THE PARTIES

7. Admitted.

8. Admitted.

9. Defendants admit that John Williams was Burlington's CEO during the time period discussed in the Complaint.

10. Denied.

11. Defendants admit that Phillips is a New Jersey company having a place of business located at 123 Lincoln Blvd., Middlesex, New Jersey, otherwise denied.

## JURISDICTION AND VENUE

12. Paragraph Twelve states a legal conclusion to which no response is required.

13. Paragraph Thirteen states a legal conclusion to which no response is required.

14. Defendants admit that Burlington is a Virginia corporation that conducts business in Virginia, and Defendants admit that Phillips has supplied products to Burlington, otherwise denied.

15. Paragraph Fifteen states a legal conclusion as to which no response is required.

## FACTUAL BACKGROUND

16. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

17. Defendants admit that radiation exposure has a negative health impact on people, and that it is important to reduce radiation exposure using well-known materials like lead shielding. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph Seventeen and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Eighteen and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Nineteen and therefore deny them.

20. Defendants admit that Exhibit A to the Complaint is a copy of U.S. Patent No. 9,795,346 ("the '346 patent"), which speaks for itself, otherwise denied.

21. Defendants admit that Exhibit A to the Complaint is a copy of the '346 patent, which speaks for itself, otherwise denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny them.

23. Defendants admit that Exhibit B to the Complaint is a copy of the '031 registration statement, which speaks for itself, otherwise denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny them.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants admits that Burlington Medical Supplies, Inc. (hereinafter "BMSI") entered into a distribution agreement with Plaintiff on or about October 15, 2014, otherwise denied.

30. Denied.

31. Denied.

32. Defendants admit that Burlington communicated with Trans-Radial regarding Trans-Radial products and used product samples provided by Trans-Radial to help sell Trans-Radial products, otherwise denied.

33. Denied.

34. Denied.

35. Defendants admit that Paragraph 35 of the Complaint appears to show a screenshot from the website www.fox3partners.com, otherwise denied.

36. Defendants admit that Paragraph 36 of the Complaint appears to show a screenshot from the website www.fox3partners.com, otherwise denied.

37. Defendants admit that Paragraph 37 of the Complaint appears to show a screenshot from the website www.fox3partners.com, otherwise denied.

38. Defendants admits that Exhibit C to the Complaint is a press release issued by Fox Three Partners, otherwise denied.

39. Defendants admit that Mr. Williams was Burlington's CEO during the relevant time period, and admit that Burlington worked with the Plaintiff to sell Plaintiff's products to hospitals and other medical facilities, otherwise denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit that counsel for the Plaintiff sent a letter dated September 20, 2016 to Burlington, asserting Burlington was improperly using photographs from Plaintiff's website, otherwise denied.

45. Denied.

46. Paragraph 46 states legal conclusions as to which no response is required and is otherwise denied.

47. Defendants admit that counsel for the Plaintiff contacted Burlington in September 2016, asserting Burlington was improperly using photographs from Plaintiff's website and had breached the distribution agreement between BMSI and Trans-Radial, and that counsel for Burlington replied to that letter in part by explaining that BMSI was not the same entity as Defendant Burlington, otherwise denied.

48. Burlington admits that it continued to sell the Plaintiff's products into 2018, otherwise denied.

49. Denied.

50. Burlington admits that Trans-Radial sent a letter to Fox Three in August 2018, otherwise denied.

51. Denied.

52. Denied.

53. Paragraph 53 states legal conclusions to which no response is required, and is otherwise denied.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore deny them.

55. Paragraph 55 characterizes a photograph, which speaks for itself, and is otherwise denied.

56. Paragraph 56 characterizes the '346 patent, which speaks for itself, and is otherwise denied.

57. Paragraph 57 characterizes the '346 patent, which speaks for itself, and is otherwise denied.

58. Admitted.

59. Denied.

60. Defendants admit that Philips manufactured and sold an IV mounted barrier, otherwise denied.

61. Defendants admit that Paragraph 61 compares a photograph taken from Phillips' website to a photograph shown on the Trans-Radial website, otherwise denied.

62. Denied.

63. Denied.

64. Denied.

65. Paragraph 65 states legal conclusions to which no response is required, and is otherwise denied.

66. Paragraph 66 characterizes a photograph, which speaks for itself, and is otherwise denied.

67. Paragraph 67 characterizes the '346 patent, which speaks for itself, and is otherwise denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Paragraph 73 states legal conclusions as to which no response is required.

## COUNT I
## INFRINGMENT OF THE '346 PATENT

74. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

75. Paragraph 75 characterizes the '346 patent, which speaks for itself

76. Paragraph 76 characterizes the '346 patent, which speaks for itself.

77. Defendants admit that they have sold IV mounted barriers that use 0.5mm lead foil to protect against radiation, otherwise denied.

78. Denied.

79. Denied.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT II
## COPYRIGHT INFRINGEMENT REPRODUCTION

89. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91. Denied.

92. Defendants admit that the photographs at issue were publicly available on the Trans-Radial website, otherwise denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT III
## COPYRIGHT INFRINGEMENT MARKETING AND SALE

104. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

105. Paragraph 105 states a legal conclusion as to which no response is required.

106. Defendants admit that the photographs at issue were publicly available on the Trans-Radial website, otherwise denied.

107. Defendants admit that the photographs at issue were publicly available on the Trans-Radial website, otherwise denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

The Defendants further deny all allegations and claims that they have not expressly admitted herein, including any material in headings, subheadings, footnotes, and introductory paragraphs. The Defendants have answered the allegations above to the best of their ability and knowledge at this time and reserve the right to amend or supplement this answer as well as the affirmative defenses listed below.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, the Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on these issues. For their Affirmative Defenses to Counts One through Three of the Complaint, the Defendants state:

### FIRST AFFIRMATIVE DEFENSE
(Noninfringement)

The Defendants do not infringe and have not infringed any valid, enforceable claim of the asserted '346 patent.

### SECOND AFFIRMATIVE DEFENSE
(Patent Invalidity)

The asserted claims of the '346 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including

without limitation §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
(Lack of Marking/Notice)

On information and belief, some of Plaintiffs' claims for relief are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a).

### FOURTH AFFIRMATIVE DEFENSE
(Copyright Invalidity)

Plaintiff's copyright claims are barred because the images at issue are utilitarian and functional, and thus not subject to copyright protection.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver, Acquiescence, and Estoppel)

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Laches)

The asserted patent and copyright registration are unenforceable, in whole or in part, against the Defendants under the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because of the Plaintiff's failure to mitigate any damages that might otherwise be found to exist.

### EIGHTH AFFIRMATIVE DEFENSES
(Additional Defenses)

The Defendants reserve the right to assert additional defenses based on information learned or obtained at a subsequent date, and explicitly incorporate as if set forth herein all affirmative defenses that may now exist or in the future may be available.

## BURLINGTON'S FIRST COUNTERCLAIM AGAINST COUNTERCLAIM DEFENDANT TRANS-RADIAL SOLUTIONS, LLC

For its initial Counterclaim against Counterclaim Defendant Trans-Radial Solutions, LLC ("Trans-Radial") Counterclaim Plaintiff Burlington Medical, LLC ("Burlington") alleges as follows:

## THE PARTIES

1. Burlington is a Virginia Limited Liability Company having a place of business located at 3 Elmhurst Street, Newport News, Virginia 23603.

2. Trans-Radial is a South Carolina Limited Liability Company having its principle place of business at 1324 Hobbysville Road, Roebuck, South Carolina 29376.

## JURISDICTION

3. The Court has jurisdiction over the claim against Counterclaim Defendant Trans-Radial for declaratory relief arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to 28 U.S.C. § 1338 and 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 293.

## COUNTERCLAIM COUNT I
### (Declaratory Relief Regarding Patent Invalidity)

4. Based on Trans-Radial's filing of this suit and Defendants' Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to the validity of the asserted '346 patent.

5. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant Burlington requests the declaration of the Court that the asserted claims of the '346 patent are invalid given, among other things, the wealth of prior art teaching the same alleged innovations.

**WHEREFORE,** the Defendants ask that judgment be entered against the Plaintiff and in the favor of the Defendants on Counts One through Three of the Complaint, and that the Court grant Burlington's Counterclaim and issue a declaration that the asserted patent claims are invalid. The Defendants further ask the Court to find this case is exceptional pursuant to 35 U.S.C. § 285 and award the Defendants their costs and attorney's fees incurred in this action, as well as any other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on June 27, 2019, a copy of the foregoing was served by electronically filing a copy with the clerk of the court using the ECF filing system which automatically notifies all registered counsel of record.

/s/ *Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants*