IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**TRANS-RADIAL SOLUTIONS, LLC,**

    **Plaintiff,**

    v.                                           **CIVIL NO. 2:18-cv-656**

**BURLINGTON MEDICAL, LLC, et al.,**

    **Defendants.**

## ORDER REGARDING CLAIMS CONSTRUCTION

On July 9, 2019, this Court entered a Rule 16(b) Scheduling Order in the above-captioned action. Pursuant to such Order, a <u>Markman</u> hearing has been set for August 27, 2019, at 10:00 a.m. in Norfolk. The requirements for any claims construction related to such <u>Markman</u> hearing are hereby **ORDERED** as follows:

1. Trans-Radial Solutions, LLC ("Plaintiff") shall identify for defendants its asserted claims, the terms to be construed, if any, and their proposed constructions on or before <u>**July 12, 2019**</u>. Plaintiff shall also (1) identify all references from the specification or prosecution history that support its constructions and (2) identify any extrinsic evidence known to Plaintiff on which it intends to rely to support its proposed claim constructions, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

2. On or before <u>**July 19, 2019**</u>, the defendants, Burlington Medical, LLC, John Williams, Fox-3 Partners LLC, and Phillips Safety Products, Inc. (collectively, "Defendants"), shall identify for Plaintiff other terms to be construed, if any, in addition to those identified by Plaintiff, and shall provide their proposed constructions for any new terms and those terms

1

identified by Plaintiff. Defendants shall also (1) identify all references from the specification or prosecution history that support their construction and (2) identify any extrinsic evidence known to them on which they intend to rely to support their proposed claim construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

3. The parties shall meet and confer concerning the above, and thereafter prepare and file with the Court a joint statement on or before **Monday, July 29, 2019,** to apprise the Court of the portions of the Asserted Patents, if any, that are actually in dispute. This joint statement must identify: (1) the construction of the claims and terms to which the parties agree; (2) each side's construction of the disputed claims and terms, if any; (3) each side's rebuttal to the proposed construction submitted by the opposing party, if any; and (4) if disputed claims and terms exist, each proposed witness to be heard at the Markman hearing together with a brief description of the witness' testimony. Each disputed term, if any, shall be identified separately, and the definition of each disputed term shall be set forth in quotation marks. Should the parties agree that a Markman hearing is **not** necessary under the circumstances of this case, the parties shall set forth in a pleading that they so agree.

4. To the extent the parties have unresolved disputes regarding claim construction terms, the parties will simultaneously file opening claim construction briefs of no longer than thirty (30) pages in support of constructions for claims terms at issue on or before **August 5, 2019.**

5. The parties will simultaneously file responsive briefs on claim construction of no longer than twelve (12) pages on or before **August 19, 2019, at 12:00 NOON.** In conjunction with these filings, the parties will inform the Court again whether expert testimony will be necessary at the Markman hearing and, if so, who the parties intend to use as experts, specifically identifying their areas of expertise and the anticipated scope of their testimony. Along with such

submission, the parties shall provide the Court with a brief description of the witnesses' testimony and a copy of each expert's curriculum vitae.

6. In preparation for the scheduled <u>Markman</u> hearing, the Court may order the parties to show cause why expert witnesses should not be appointed by the Court pursuant to Rule 706 of the Federal Rules of Evidence. The Court may also ask the parties to submit nominations for court-appointed expert witnesses.

7. All briefs filed with the Court shall have standard margins and use at least twelve-point font type.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
July 9, 2019