UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Trans-Radial Solutions, LLC<br><br>        Plaintiff,<br><br>  v.<br><br>Burlington Medical, LLC, Mr. John Williams, Fox Three Partners, LLC, and Phillips Safety Products, Inc.<br><br>        Defendants. | Case No. 2:18-cv-00656-RGD-RJK |

**DEFENDANTS BURLINGTON MEDICAL, LLC & PHILLIPS SAFETY PRODUCTS, INC.'s OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants Burlington Medical, LLC ("Burlington") and Phillips Safety Products, Inc. ("Phillips"),[1] oppose Plaintiff Trans-Radial Solutions, LLC's ("Plaintiff" or "Trans-Radial") Motion to Compel (ECF No. 40) for the reasons set forth below.

**INTRODUCTION**

Plaintiff Trans-Radial initiated this action by filing a thirteen-count Complaint asserting a hodge-podge of claims—including patent infringement, copyright infringement, federal and common law unfair competition, passing off, tortious interference with prospective contractual relations, conversion, and breach of fiduciary duty—against four Defendants. ECF No. 1 (Trans-Radial Complaint). The Defendants then moved to dismiss Counts Four through Thirteen of the Complaint for failure to state a claim. While the motion to dismiss was pending, the parties agreed to get started on discovery regarding the three Counts not subject to the motion to

---

[1] Defendants Fox Three Partners, LLC and John Williams are not subject to Plaintiff's Motion to Compel because the parties agreed to initially conduct discovery only as to Counts One through Three of the Complaint, which do not name Mr. Williams or Fox Three Partners, LLC.

dismiss—Count One (for patent infringement) and Counts Two and Three (for copyright infringement). Counsel for Defendants Burlington and Phillips agreed to get started on discovery while the Defendants' Motion to Dismiss was still pending, and before any scheduling order was in place or any Rule 26 conference was held, in the hopes that agreeing to start the discovery process early would help the parties efficiently resolve this litigation.

Those hopes were dashed when the Plaintiffs served over 200 separate repetitive and burdensome discovery requests on Defendants Phillips and Burlington. Instead of limiting its requests to Counts One through Three of the Complaint, and focusing initially on key documents, the Plaintiff issued sweeping and repetitive requests for discovery, including 90 separate document requests to Burlington alone. *See* Ex. C to Memorandum in Support of Motion to Compel (Dkt. No. 41-3) (Plaintiff's Requests for Production to Burlington).

Burlington's Objections and Responses to Plaintiff's Requests for Production have now been served, but drafting them was unduly burdensome and swallowed up a great deal of time that could have been more productively spent exchanging documents and useful information, instead of drafting objections to 164 separate duplicative and over-broad document requests. Undersigned counsel regrets as much as anyone that discovery is not moving more quickly, and acknowledges that her own unexpected scheduling problems in June did not help, but much time would have been saved—and much more actual information exchanged—if counsel for the Plaintiff had been willing to cooperate with counsel for the Defendants instead of jumping to file a motion to compel.

## ARGUMENT

Plaintiff asks the Court to deem the Defendants objections are waived and find that all of Plaintiff's requests for admission are admitted because counsel for the Defendants was unable to

meet the deadline the Plaintiff demanded. *See* Memorandum in support of Motion to Compel (ECF No. 41) at pp. 3-4. Plaintiff also asks that it be awarded its fees and costs pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. *Id*. at 6. None of those penalties is necessary or needed here.

Local Rule 26(E) requires counsel to "confer to decrease, in every way possible the filing of unnecessary discovery motions." E.D. Va. Local Rule 26(E). That is not the approach the Plaintiff has taken, however, as their own correspondence shows. *See*, *e.g.*, Ex. G to Memorandum in support of Motion to Compel (ECF No. 41-7) at pp. 3-6 (June 20, 2019 email exchange with counsel for Plaintiff Trans-Radial). Local Rule 26(G) also forbids "the presentation to another party or non-party of unnecessary discovery requests of any kind," which the Defendants respectfully submit occurred here.

## CONCLUSION

For the foregoing reasons, this Court should deny Trans-Radial's motion to compel discovery, and further deny all relief requested by Trans-Radial with respect to its motion.

Respectfully submitted,

*/s/ Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on July 17, 2019, a copy of the foregoing was served by electronically filing a copy with the clerk of the court using the ECF filing system which automatically notifies all registered counsel of record.

/s/ *Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants*