IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **Trans-Radial Solutions, LLC,** | Civil Action No. 2:18-cv-00656 |
| *Plaintiff*, | |
| v. | |
| **Burlington Medical, LLC** *et al.*, | |
| *Defendants*. | |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to the Court's Order Regarding Claims Construction (D.E. 44), the parties hereby submit this Joint Claim Construction and Prehearing Statement.

I. **PARTIES' STATEMENTS REGARDING MARKMAN HEARING**

**A**. Plaintiff Trans-Radial Solutions, LLC ("TRS") respectfully submits that the *Markman* hearing, currently scheduled for August 27, is necessary and can be completed within three (3) hours. TRS proposes that the Court equally divide the time available for the hearing, that each side be permitted to offer an opening statement, which will include any technology tutorial that the parties wish to present. Thereafter, TRS proposes to present arguments on a term-by-term basis. TRS proposes to present first on each term followed by the Defendants.

**B**. Defendants Burlington Medical, LLC ("Burlington") and Phillips Safety Products, Inc. ("Phillips") respectfully submit that a *Markman* hearing is not necessary, because the Defendants do not dispute any of the proposed constructions disclosed by the Plaintiff on July 12, 2019. The Order Regarding Claim Construction states that Plaintiff "shall identify for defendants its asserted claims, the terms to be construed, if any, and their proposed constructions on or before July 12, 2019." D.E. 44 ¶ 1. Consistent with that order, on July 12, 2019 the Plaintiff disclosed

constructions for six claim terms. The Defendants responded stating they agreed with all six of the Plaintiff's proposed constructions, and did not seek to have any additional terms construed.

Despite this, on July 25, 2019 the Plaintiff sent the Defendants a proposed joint claim construction statement that included *an additional* seventh claim term that Plaintiff now alleges must also be construed. When the parties spoke by phone on July 29, 2019, counsel for the Plaintiff further stated that even if the Defendants *also agree* with the Plaintiff's belatedly-proposed construction of a seventh claim term in an unasserted claim (which the Defendants essentially do), the Plaintiff *would still* demand a *Markman* hearing. The Defendants respectfully submit that the Plaintiff's position is not consistent with this Court's prior order, which, among other things, asked the parties to submit briefing only on "*unresolved* disputes regarding claim construction terms" D.E. 44 at ¶ 4 (emphasis added). The Defendants respectfully submit that there is no need for a *Markman* hearing when the parties have not identified any unresolved disputes regarding claim construction.

## II. ANTICIPATED WITNESSES AND TESTIMONY

TRS will call Kenneth P. Gall, Ph.D. Dr. Gall is expected to provide background information about catherization rooms in which the inventions claimed in United States Patent No. 9,795,346 ("the '346 Pat.") are used and to show the efficacy of using the inventions. Dr. Gall further is expected to testify that the terms in the '346 Pat. are to be given the meaning as one of ordinary skill in the relevant art would give to them after reading the specification and reviewing the various Figures of the '346 Pat. TRS may also call Andrew Shealy, one of the inventors of the claims of the '346 Pat., to testify regarding the technology, as well as terms and phrases in the '346 Pat. claims as necessary.

The Defendants do not believe that an evidentiary hearing is necessary, since no claim terms are in dispute. Nor do the Defendants believe that this Court needs expert testimony in order to know that "that the terms in the '346 Pat. are to be given the meaning as one of ordinary skill in the relevant art would give to them," as the Plaintiff proposes to do. If a *Markman* hearing does in fact proceed then the Defendants expect they may also call on Dr. Gall and Mr. Shealy.

### III. EVIDENCE SUPPORTING PROPOSED CLAIM CONSTRUCTIONS

TRS intends to rely on the plain language of the '346 Pat., including its claims, drawings, and specification, and extrinsic evidence, as necessary as indicated below. The Defendants do not believe that an evidentiary hearing is necessary, since no claim terms are in dispute. To the extent a hearing goes forward despite that, the Defendants would likewise rely on the plain language of the '346 Pat. as elucidated by the prosecution history of the patent-in-suit.

### IV. UNITED STATES PATENT NUMBER 9,795,346 ASSERTED CLAIMS AND PLAINTIFF'S INFRINGEMENT CONTENTIONS

TRS asserts that Defendants Burlington Medical, LLC ("Burlington") and Defendant Phillips Safety Products, Inc. ("Phillips") each directly or indirectly infringe at least claims 16, 17, 18, 20, and 21 of the '346 Pat., either literally or by equivalents. TRS reserves the right to add other claims from the '346 Pat. once TRS has received discovery for which it has moved to compel Defendants to provide.

The Defendants note that TRS already has samples of the allegedly-infringing products and information on all sales of the allegedly-infringing products.

TRS contends that in the following charts, all elements of each asserted claim are present literally and under the Doctrine of Equivalents by each of the Defendants' IV Mounted Barriers (hereinafter the "IVB" or "Accused Product"). TRS does not yet contend that Claim 1 is infringed;

3

it is presented below for construction so as to be available under the doctrine of claim differentiation.

Thus, the parties herein set forth below their proposed constructions of each claim term, phrase, and clause with extrinsic and intrinsic evidence that supports each party's proposed construction including an indication of whether the parties agree on any such construction.

## A. Definitions

As used in the charts below, the word "Agreed" means that the indicated party agrees with the other party's proposed construction.

## B. Charts of Terms from Asserted Claims [1]

### CLAIM 16

| Term/Claim Element | Plaintiff Proposed Construction | Intrinsic Evidence | Extrinsic Evidence | Defendants' Proposed Construction |
|---|---|---|---|---|
| Connection Assembly | Mechanism for adjustably securing the radiation guard to the medical device hangar and/or a connection member of the medical device hangar | "The connection assemblies may be two or more clamps . . ." '346 Pat., 2:55-56. See also 2:12-21; 2:31-48; 4:31-42; 5:16-32; 5:51-6:2; 6:32-37. See also Figs, 1, and 3-7. See also claims 1, 16, 19. | Expert testimony is expected to indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made.<br><br>Plaintiff identifies its expert in this regard as Kenneth P. Gall, Ph.D., | Agreed. |

---

[1] Claims 16, 17, 18, 20, and 21 presently are being asserted.

| | | | Somerville, MA. | |
|---|---|---|---|---|
| Medical Device Hangar | Equipment for holding medical equipment comprising a pole or rod, a base or stand, and one or more wheels such as an intravenous pole or mobile carrier | "The hangar 18 may include a pole or rod 20, a base or stand 22, and one or more wheels 24. Alternatively, the hangar 18 can be an intravenous (IV) pole upon which the radiation shield 12 can be located, as explained below." '346 Pat., 4:25-29. See also 1:39-42; 2:31-48, 4:48-50. See also Figs. 1-4 and 7. See also claim 16. | Dr. Gall is expected to testify and indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made. | Agreed. |
| Adapted to Be Coupled to a Connection Member | Capable of engaging a receiver of a medical device hangar, but does not require such engagement for each of three configurations | "The bracket 34 includes a gap or capture feature 56 to hold the rod 20 or the limb 64. Specifically, once the capture features 56 are positioned about respective rods 20 or limbs 64, the user may tighten or clamp the respective clamp assemblies 32, 36 to attach the radio-opaque guard 12 to the equipment hangar 18. In this example, the closure end 54 will press-fit against a portion of the rod 20 or limb 64 to press that portion into the capture feature 56 and render the system 10 stationary. To adjust | Dr. Gall is expected to testify and indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made. | Agreed. |

5

| Term/Claim Element | Plaintiff Proposed Construction | Intrinsic Evidence | Extrinsic Evidence | Defendants' Proposed Construction |
|---|---|---|---|---|
| | | or remove the shield 12, the user may loosen or unclamp the assemblies 32, 36." '346 Pat., 5:60 - 6:2. See also 2:12-15; 2:31-48; 3:17-28; 4:31-35; 6:32-37. See also Figs. 1 and 4- 6. See also claim 16. | | |
| Inverted Position | Upside down relative to substantially vertical alignment | "In this aspect, the system may also be adapted for vertical alignment on the equipment carrier in a first configuration and for inversion on the equipment carrier in a second configuration." '346 Pat., 2:25-28. See also 2:28-48; 3:21-26; 4:19-21; 5:38-40. See also Figs. 1-6. See also claim 16. | Dr. Gall is expected to testify and indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made. | Agreed. |

## CLAIM 18

| Term/Claim Element | Plaintiff Proposed Construction | Intrinsic Evidence | Extrinsic Evidence | Defendants' Proposed Construction |
|---|---|---|---|---|
| Substantially Rectilinear and Rectangular in Form | Four-sided polygon with sides that meet at right angles, with opposing sides of equal length, optionally with rounded corners | Figs. 2, 3, and 6. See also '346 Pat., 2:51-53; 5:7-9. See also claim 18.<br><br>"In this example, the inserts 58 are L-shaped with a lower portion having a rectangular shaped extension." PCT/US14/34788 at [0037] and Figs. 6, 7A (incorporated by | Dr. Gall is expected to testify and indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made. | Agreed. |

6

| | | | | |
|---|---|---|---|---|
| | | reference in '346 Pat., 4:12-18) <br><br> [figure showing element 58] | **Rectilinear**: characterized by straight lines. <br><br> *From Merriam-Webster's Dictionary and Thesaurus, ©2014* <br><br> **Rectangle**: a 4-sided figure with four right angles; esp. one with adjacent sides of unequal length. <br><br> *From Merriam-Webster's Dictionary and Thesaurus, ©2014* <br><br> **Polygon**: a closed plane figure bounded by straight lines. <br><br> *From Merriam-Webster's Dictionary and Thesaurus, ©2014* | |

## CLAIM 21

| Term/Claim Element | Plaintiff Proposed Construction | Intrinsic Evidence | Extrinsic Evidence | Defendants' Proposed Construction |
|---|---|---|---|---|
| Attachment Assembly | Two or more connection assemblies such as clamps, or a quick-release mechanism or a gravity hangar configured to connect the radiation shield to a hangar or mobile carrier. | "In this aspect, the attachment assembly may be two connection assemblies . . ." '346 Pat., 3:5-8.<br><br>"The connection assemblies may be two or more clamps . . ." '346 Pat., 2:55-56.<br><br>See also 2:63-3:4; 3:17-26; 4:30-42, 4:48-50; 5:16-32; 5:51-6:2; 6:32-37; 6:57-7:27. See also Figs. 1-7. See also claims 1, 8, 21, 22, 23, 24. | Dr. Gall is expected to testify and indicate the level of skill in the art, and the meaning of this claim term to one of ordinary skill in the art at the time the invention was made. | Agreed. |

### C. Claim Differentiation [2]

## CLAIM 1

| Term/Claim Element | Plaintiff Proposed Construction | Intrinsic Evidence | Extrinsic Evidence | Defendants' Proposed Construction |
|---|---|---|---|---|
| Asymmetrically disposed | different distances from edges of a perimeter, a face, a medical | "The clamps may be spaced apart from each other at divergent, different, or variable distances from the perimeter." '346 Pat., 2:19-21. | Dr. Gall is expected to testify and indicate the level of skill in the art, and the | The Defendants object to the Plaintiff's belated disclosure of this claim term, |

---

[2] Currently unasserted claims such as Claim 1 may be asserted once TRS receives the discovery it has requested.

| | device hangar, and/or between portions of assemblies and/or including assemblies having sides that are not the same. | "The connection assemblies may be two or more clamps asymmetrically attached to the radiation shield at different distances from the perimeter." 2:55-57.<br><br>"[T]he mounting assemblies 14, 16 may be set off from the pole 20 to accommodate other equipment 7 that may be on the hangar 18." 4:39-40.<br><br>See, e.g., Fig. 5 of '346 Pat.:<br><br>See also Figs 1 and 4, 6 and 7. See also claims 8, 18, and 19. | meaning of this claim term to one of ordinary skill in the art at the time the invention was made.<br><br>**Asymmetrical**: not symmetrical. [*Symmetry*: correspondence in size, shape, and position of parts that are on opposite sides of a dividing line or center.]<br><br>*From Merriam-Webster's Dictionary and Thesaurus,* ©2014 | which was first identified to them on July 25, 2019, in violation of this Court July 9, 2019 Claim Construction Order.[3]<br><br>In any event, the Defendants agree that when Claim 1 says the attachment assemblies are "asymmetrically disposed on the radiation shield," that means the attachment assemblies are placed at different distances from the edges of the perimeter of the radiation shield. |

Discovery is continuing, and the parties reserve the right to amend these proposed constructions.

Dated:  July 29, 2019

*Counsel for Plaintiff*

By:  /s/ *W. Ryan Snow*

W. Ryan Snow, VSB No. 47423
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.

*Counsel for Defendants*

By:  /s/ *Rebecca S. LeGrand*
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006

---

[3] The Claim Construction Order states that Plaintiff "shall identify for defendants its asserted claims, the terms to be construed, if any, and their proposed constructions on or before July 12, 2019." ECF No. 44 ¶ 1.

150 W. Main Street, Suite 1500  
Norfolk, Virginia 23510  
Telephone: (757) 623-3000  
Facsimile: (757) 623-5735  
wrsnow@cwm-law.com  
dhartnett@cwm-law.com  

Tel: (202) 587-5725  
rebecca@legrandpllc.com  

and

Bernard S. Klosowski, Jr. (admitted *pro hac vice*)  
THRIVE IP® INTELLECTUAL PROPERTY LAW FIRM  
200 N. Main Street, Suite 500  
Greenville, SC 29601  
Telephone 864.516.7529  
Facsimile 866.747.2595  
Ben.Klosowski@Thrive-IP.com  

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2019, I electronically filed the foregoing document with the Clerk of the Court, using the ECF system of the court. The ECF system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                */s/ W. Ryan Snow*  
W. Ryan Snow, VSB No. 47423  
David C. Hartnett, VSB No. 80452  
CRENSHAW, WARE & MARTIN, P.L.C.  
150 W. Main Street, Suite 1500  
Norfolk, Virginia 23510  
Telephone: (757) 623-3000  
Facsimile: (757) 623-5735  
wrsnow@cwm-law.com  
dhartnett@cwm-law.com  
*Counsel for Plaintiff*