UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Trans-Radial Solutions, LLC<br><br>                            Plaintiffs,<br><br>v.<br><br>Burlington Medical, LLC, Mr. John Williams, Fox Three Partners, LLC, and Phillips Safety Products, Inc.<br><br>                            Defendants. | Case No. 2:18-cv-00656-RGD-RJK |

**DEFENDANTS' ANSWER TO THE REMAINING UNANSWERED COUNTS IN PLAINTIFF'S COMPLAINT**

Defendants Burlington Medical, LLC ("Burlington"), John Williams ("Mr. Williams"), Fox-3 Partners, LLC D/B/A Fox Three Partners ("Fox Three"), and Phillips Safety Products, Inc. ("Phillips") (collectively, "Defendants"), by and through undersigned counsel, deny the allegations set forth in the remaining counts of the Complaint filed by Plaintiff Trans-Radial Solutions, LLC ("Plaintiff" or "Trans-Radial")[1] and answer each of the Counts applicable to them as follows:

**NATURE OF THE ACTION**

1. Paragraph One states a legal conclusion as to which no response is required.

2. Paragraph Two states a legal conclusion as to which no response is required.

3. Paragraph Three states a legal conclusion as to which no response is required.

4. Paragraph Four states a legal conclusion as to which no response is required.

---

[1] Defendants Burlington and Phillips have already answered Counts I through III of the Complaint (ECF No. 38) and the Court has now dismissed Counts V, IX, and XIII of the Complaint as to all Defendants (ECF No. 58).

5. Paragraph Five states a legal conclusion as to which no response is required.

6. Defendants admit that the Plaintiff seeks injunctive relief as well as damages.

## THE PARTIES

7. Admitted.

8. Admitted.

9. Defendants admit that John Williams was Burlington's CEO during the time period discussed in the Complaint, otherwise denied.

10. Denied.

11. Defendants admit that Phillips is a New Jersey company having a place of business located at 123 Lincoln Blvd., Middlesex, New Jersey, otherwise denied.

## JURISDICTION AND VENUE

12. Paragraph Twelve states a legal conclusion to which no response is required.

13. Paragraph Thirteen states a legal conclusion to which no response is required.

14. Defendants admit that Burlington is a Virginia corporation that conducts business in Virginia, and Defendants admit that Phillips has supplied products to Burlington, otherwise denied.

15. Paragraph Fifteen states a legal conclusion as to which no response is required.

## FACTUAL BACKGROUND

16. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

17. Defendants admit that radiation exposure has a negative health impact on people, and that it is important to reduce radiation exposure using well-known materials like lead

shielding. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph Seventeen and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Eighteen and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Nineteen and therefore deny them.

20. Defendants admit that Exhibit A to the Complaint is a copy of U.S. Patent No. 9,795,346 ("the '346 patent"), which speaks for itself, otherwise denied.

21. Defendants admit that Exhibit A to the Complaint is a copy of the '346 patent, which speaks for itself, otherwise denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Twenty-Two and therefore deny them.

23. Defendants admit that Exhibit B to the Complaint is a copy of the '031 registration statement, which speaks for itself, otherwise denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Twenty-Four and therefore deny them.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants admit that Burlington Medical Supplies, Inc. (hereinafter "BMSI") entered into a distribution agreement with Plaintiff on or about October 15, 2014, otherwise denied.

30. Denied.

31. Denied.

32. Defendants admit that Burlington communicated with Trans-Radial regarding Trans-Radial products and used product samples provided by Trans-Radial to help sell Trans-Radial products, otherwise denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

37. Admitted.

38. Defendants admit that Exhibit C to the Complaint is a Fox Three press release, otherwise denied.

39. Defendants admit that Mr. Williams was Burlington's CEO during the relevant time period, and admit that Burlington worked with the Plaintiff to sell Plaintiff's products to hospitals and other medical facilities, otherwise denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit that counsel for the Plaintiff sent a letter dated September 20, 2016 to Burlington, asserting Burlington was improperly using photographs from Plaintiff's website, otherwise denied.

45. Denied.

46. Paragraph Forty-Six states legal conclusions as to which no response is required and is otherwise denied.

47. Defendants admit that counsel for the Plaintiff contacted Burlington in September 2016, asserting Burlington was improperly using photographs from Plaintiff's website and had breached the distribution agreement between BMSI and Trans-Radial, and that counsel for Burlington replied to that letter in part by explaining that BMSI was not the same entity as Defendant Burlington, otherwise denied.

48. Burlington admits that it continued to sell the Plaintiff's products into 2018, otherwise denied.

49. Denied.

50. Defendants admit that Trans-Radial sent a letter to Fox Three in August 2018, otherwise denied.

51. Denied.

52. Denied.

53. Paragraph Fifty-Three states legal conclusions to which no response is required, otherwise denied.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph Fifty-Four and therefore deny them.

55. Paragraph Fifty-Five characterizes a photograph, which speaks for itself, otherwise denied.

56. Paragraph Fifty-Six characterizes the '346 patent, which speaks for itself, otherwise denied.

57. Paragraph Fifty-Seven characterizes the '346 patent, which speaks for itself, otherwise denied.

58. Admitted.

59. Denied.

60. Defendants admit that Phillips manufactured and sold an IV mounted barrier, otherwise denied.

61. Defendants admit that Paragraph Sixty-One compares a photograph taken from Phillips' website to a photograph shown on the Trans-Radial website, otherwise denied.

62. Denied.

63. Denied.

64. Paragraph Sixty-Four states legal conclusions to which no response is required, otherwise denied.

65. Paragraph Sixty-Five states legal conclusions to which no response is required, otherwise denied.

66. Paragraph Sixty-Six characterizes a photograph, which speaks for itself, otherwise denied.

67. Paragraph Sixty-Seven characterizes the '346 patent, which speaks for itself, otherwise denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Paragraph Seventy-Three states legal conclusions to which no response is required.[2]

## COUNT IV
**UNFAIR COMPETITION, FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)**

113. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

114. Paragraph 114 states legal conclusions to which no response is required, and is otherwise denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Paragraph 122 states legal conclusions to which no response is required, otherwise denied.

123. Denied.

124. Paragraph One-Twenty-Four states legal conclusions to which no response is required, otherwise denied.[3]

---

[2] Defendants Burlington and Phillips have already answered Counts I through III of the Complaint. *See* ECF No. 38.

[3] Count V has now been dismissed. *See* ECF No. 58 at 15-17.

## COUNT VI
## COMMON LAW PASSING OFF

136. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Paragraph 143 states a legal conclusion to which no response is required.

144. Denied.

145. Denied.

## COUNT VII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

146. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

147. Paragraph 147 states a legal conclusion to which no response is required.

148. Denied.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 and therefore deny them.

150. Denied.

151. Denied.

## COUNT VIII
## CONVERSION

152. Defendants Burlington and Mr. Williams repeat their answers to the allegations set forth in the preceding paragraphs.[4]

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.[5]

## COUNT X
## BREACH OF CONTRACT

163. Defendant Burlington[6] repeats its answers to the allegations set forth in the preceding paragraphs.

164. Denied.

165. Paragraph 165 states a legal conclusion to which no response is required, and is otherwise denied.

166. Defendant Burlington admits that TRS sent a letter dated April 13, 2017 stating it was terminating the contract at issue, otherwise denied.

167. Paragraph 167 states a legal conclusion to which no response is required, and the Court has also now found that Count X fails to state a viable alternative claim for breach of an implied contract.

---

[4] Defendants Phillips and Fox Three are not named in Count VIII.

[5] Count IX has been dismissed. *See* ECF No. 58 at 23.

[6] Count X was dismissed with respect to Defendant Williams, leaving Defendant Burlington as the only remaining Defendant for Count X. *See* ECF No. 58 at 24-26.

168. Denied.

169. Denied.

170. Paragraph 170 states a legal conclusion to which no response is required, and is otherwise denied.

## COUNT XI
## CONSPIRACY

171. Defendants repeat their answers to the allegations set forth in the preceding paragraphs.

172. Paragraph 172 states a legal conclusion to which no response is required.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

## COUNT XII
## MISAPPROPRIATION OF TRADE SECRETS PURSUANT TO 18 U.S.C. § 1836

177. Defendants Burlington, Fox Three, and Mr. Williams repeat their answers to the allegations set forth in the preceding paragraphs.[7]

178. Denied.

179. Denied.

180. Denied.

181. Burlington admits that in 2017 McLaren Bay Regional Medical Center ordered two IV Mounted Barriers from Burlington at a price of $775.00 per barrier, otherwise denied.

182. Denied.

---

[7] Defendant Phillips is not named in Count XII.

183. Defendants admit that TRS sent a letter dated April 13, 2017 stating TRS was terminating its distribution agreement with BMSI, otherwise denied.

184. Denied.

185. Paragraph 185 characterizes documents which speak for themselves, and is otherwise denied.

186. Denied.

187. Denied.

188. Paragraph 188 states a legal conclusion to which no response is required, and is otherwise denied.

189. Paragraph 189 states a legal conclusion to which no response is required, and is otherwise denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.[8]

The Defendants further deny all allegations and claims that they have not expressly admitted herein, including any material in headings, subheadings, footnotes, and introductory paragraphs. The Defendants have answered the allegations above to the best of their ability and knowledge at this time and reserve the right to amend or supplement this answer as well as the affirmative defenses listed below.

---

[8] Count XIII—Negligence—has also been dismissed. *See* ECF No. 58 at 32-33.

**AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, the Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on these issues. For their Affirmative Defenses to Counts Four through Thirteen of the Complaint, the Defendants state:

FIRST AFFIRMATIVE DEFENSE
(Waiver, Acquiescence, and Estoppel)

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

SECOND AFFIRMATIVE DEFENSE
(Statute of Limitation)

Plaintiff's claims are barred by the applicable statues of limitations.

THIRD AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because of the Plaintiff's failure to mitigate any damages that might otherwise be found to exist.

FIFTH AFFIRMATIVE DEFENSES
(Additional Defenses)

The Defendants reserve the right to assert additional defenses based on information learned or obtained at a subsequent date, and explicitly incorporate as if set forth herein all affirmative defenses that may now exist or in the future may be available.

**WHEREFORE,** in addition to the relief set forth in the Answer and Counterclaim filed by Defendants Burlington and Phillips on June 27, 2019 (ECF No. 38), the Defendants ask that judgment be entered against the Plaintiff and in the favor of the Defendants on all remaining

counts of the Complaint, and award the Defendants their costs and attorney's fees incurred in this action, as well as any other relief as the Court deems just and proper.

Dated: August 19, 2019

Respectfully submitted,

*/s/* Rebecca S. LeGrand
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants Burlington Medical, LLC, Fox-3 Partners, LLC and Phillips Safety Products, Inc.*

*/s/* David B. Ashe
David B. Ashe (VSB No. 41259)
Alperin Law, PLLC
500 Viking Drive, Suite 202
Virginia Beach, VA 23452
Tel: (757) 490-3500
david.ashe@alperinlaw.com

*Counsel for Defendant John Williams*

## **CERTIFICATE OF SERVICE**

I certify that on August 19, 2019, a copy of the foregoing was served by electronically filing a copy with the clerk of the court using the ECF filing system which automatically notifies all registered counsel of record.

/s/ Rebecca S. LeGrand
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1775 Eye Street NW, Suite 1150
Washington, DC 20006
Tel: (202) 587-5725
rebecca@legrandpllc.com