## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| Trans-Radial Solutions, LLC,<br><br>               *Plaintiff,*<br><br>    v.<br><br>Burlington Medical, LLC, Mr. John Williams,<br>Fox Three Partners, LLC, and Phillips Safety<br>Products, Inc.<br><br>               *Defendants*. | Civil Action No. 2:18-cv-00656 |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, the above-named parties have requested the production of documents and information that each party considers to be or contain confidential information (as defined further below), and agree that good cause exists to protect such information through the entry of this Stipulated Protective Order ("Protective Order").

**IT IS HEREBY ORDERED** as follows:

1.      <u>Designation of Discovery Materials as Confidential</u>.  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Protective Order concerning confidential information, as set forth below:

(a)      The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL"  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit

complete removal of the designation.  Any party may designate documents as "CONFIDENTIAL" when such person in good faith believes they contain sensitive personal information, trade secrets or other confidential research, development, or commercial information.  Information or documents which are available in the public sector may not be designated as confidential. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)      The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" classification, being more highly protective of disclosure than the "CONFIDENTIAL" classification, governs information that the attorney, in good faith, determined would materially affect the business, financial, or commercial interests of the party or person producing such material if such information is disclosed.  Materials entitled to protection under the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation are limited to business plans, marketing surveys, financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements); trade secrets including but not limited to customer lists; documents that identify customers or suppliers of the producing party or person; technical drawings and specifications; and documents related to the development or improvement of machinery, products or processes. Any party may designate documents as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected

---

[1]  The attorney who reviews the documents and certifies them to be "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Eastern District of Virginia and need not apply for *pro hac vice*

2

from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

(c)    Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within **fourteen (14) business days** after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be so designated.

(d)    Information or documents designated as "CONFIDENTIAL" under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(e)    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any

---

admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(ii)   Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

(iv)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

(f)   Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as Confidential which are received under this Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g)   Information or material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or copies or extracts therefrom and compilations and summaries therefrom, may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(i)      regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(ii)      consultants and experts as defined in Paragraph 1(e)(iv) in compliance therewith;

(iii)      the Court, pursuant to Paragraph 2 herein;

(iv)      court reporters employed in connection with this action;

(v)      graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 1(e)(iv) herein;

(vi)      non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 1(e)(iv) herein;

(vii)      any other person only upon order of the Court or upon written consent of the party producing the information or material subject to and conditioned upon compliance with Paragraph 1(e)(iv) herein.

(h)      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  under this Protective Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the appropriate designation does not already appear.

2.      Confidential Information Filed with Court.  To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be submitted to the Court for filing under seal in accordance with the Court's rules.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to

provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5(C).

3.     Inadvertent Failure to Designate. In the event that a producing party inadvertently fails to designate any of its confidential information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

4.     Challenging Designation of Confidentiality. A party may object to a designation of confidentiality by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to file an appropriate motion, within ten (10) business days after the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as designated by the producing party under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not thereafter be treated in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

6

EYES ONLY" bears the burden of establishing that good cause exists for the disputed information to be treated as designated.

   5.   <u>Inadvertently Produced Privileged Documents</u>.  The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client, attorney work product, or other privileged materials may occur.  Inclusion of any inadvertently produced materials connected with this litigation shall not result in the waiver of any privilege or protection associated with such materials, nor result in subject matter waiver of any kind.  In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it in good faith believes is subject to a claim of attorney-client, attorney work product, or other applicable privilege, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client, attorney work product, or other applicable privilege and request that the document or thing be deleted and/or returned to the producing party.  The receiving party shall, within seven (7) business days from the date of the written notice from the producing party, delete and/or return to the producing party such document or thing (including any copies thereof).  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order finding that such document or thing has been improperly designated or should be produced.

6.    Return of Confidential Material at Conclusion of Litigation.

(a)    The provisions of this Protective Order shall, absent written permission of the producing party, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.

(b)    Within ninety (90) days after the conclusion of the litigation including conclusion of any appeal, remand, or retrial, all material treated as confidential under this Protective Order and not received in evidence shall be destroyed and the receiving party shall provide a certification of destruction to the producing party.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7.    Limitations.  This Protective Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

8.    Modification of Protective Order.  This Protective Order is without prejudice to the right of any person or entity to seek a modification of this Protective Order at any time either through stipulation or order of the Court.

9.    Persons Bound.  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**IT IS SO ORDERED**, this _____ day of _____, 2019.


_____
UNITED STATES DISTRICT COURT


8