## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| Trans-Radial Solutions, LLC <br><br>        Plaintiffs, <br><br>     v. <br><br> Burlington Medical, LLC, Mr. John Williams, Fox Three Partners, LLC, and Phillips Safety Products, Inc. <br><br>        Defendants. | Case No. 2:18-cv-00656-RAJ-DEM |

### DEFENDANTS BURLINGTON MEDICAL, LLC AND PHILLIPS SAFETY PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

     Defendants Burlington Medical, LLC and Phillips Safety Products, Inc., by and through undersigned counsel, respectfully submit this opposition to the $11,150 in attorneys' fees sought by Plaintiff Trans-Radial Solutions, LLC ("Plaintiff") in connection with Plaintiff's Motion to Compel, which was granted in part on August 23, 2019. As set forth in Defendants' prior briefing, undersigned counsel does accept responsibility for not meeting the June 6, 2019 discovery objection deadline after receiving over 200 separate discovery requests from Plaintiff in late May 2019. *See*, *e.g.*, ECF No. 69 at 1. Defendants respectfully do, however, object to paying the inflated fees sought by the Plaintiff, particularly given the broader context surrounding Plaintiff's Motion to Compel.

### ARGUMENT

     Defendants respectfully submit that an award of $11,150 in attorneys' fees to the Plaintiff is unwarranted given the broader context of discovery to date in this matter, and because the

Plaintiff seeks to recover fees for multiple attorneys to work on what should have been a simple motion, as well as fees for time spent on several tasks unrelated to briefing the motion.

**I.      DEFENDANTS DID NOT SEEK TO THWART PLAINTIFF'S EFFORTS TO OBTAIN DISCOVERY.**

Plaintiff continues to mischaracterize the significant steps taken by the Defendants to provide discovery to the Plaintiff long before Plaintiff's Motion to Compel was decided. For example, the Defendants timely replied to nearly 200 additional discovery requests that were served and responded to while Plaintiff's Motion to Compel was pending. *See* ECF Nos. 69 at 5-7. The Defendants also sought to begin rolling a large document production out to the Plaintiff in early August 2019. *See* ECF No. 82 at 1-3. Defendants' extensive efforts to provide discovery to the Plaintiff without awaiting any Court order bely the Plaintiff's claim that extensive briefing— rather than good faith discussions to establish a discovery plan—were needed in order to obtain discovery. *See*, *e.g.*, Plaintiff's Petition for Attorney's Fees (ECF No. 87) at 4 (claiming "Success was imperative because Defendants had completely disregarded their obligations.")

Plaintiff claims, for example, that "Burlington and Phillips still had yet to object to or answer a single interrogatory" as of August 23, 2019, when Plaintiff's Motion to Compel was heard. ECF No. 87 at 1. In fact, Defendants Burlington and Phillips timely responded to numerous interrogatories prior to the August 23, 2019 hearing, as did Defendants Williams and Fox Three. Indeed, in total, the four Defendants responded to 192 separate discovery requests on or before August 20, 2019. *See* ECF No. 69 at 5.

Plaintiff also mischaracterizes the Defendants efforts to produce document documents to the Plaintiff in a fair and efficient manner. The Defendants produced an initial set of documents on July 19, 2019, which contained key information including information on all sales of the allegedly-infringing product at issue. *See* ECF No. 69-1 (page one of Burlington's initial

document production). Burlington then worked to quickly complete a more comprehensive production of responsive documents. *See* ECF No. 82 at 1-3 (summarizing the Defendants' pre-hearing efforts to produce documents to the Plaintiff). Among other things, undersigned counsel informed Plaintiff that they were prepared to start producing more voluminous documents the week of August 5, 2019. *See* ECF No. 82 at 2 (citing ECF Nos. 82-1 through 82-7). Instead of working with the Defendants to get a protective order in place quickly, Plaintiff delayed the process by dragging its feet in response to repeated inquiries from undersigned counsel regarding a proposed standard protective order governing the treatment of confidential information. *See* ECF Nos. 82-1 through 82-7.

## II.       THE FEES SOUGHT BY THE PLAINTIFF ARE EXCESSIVE.

Plaintiff seeks fees for work done by three separate attorneys in connection what should have been a straightforward motion to compel, including work beyond that incurred in briefing Plaintiff's motion. Plaintiff's request for $11,150 in fees—charged by three separate attorneys—should be rejected as excessive given the straightforward nature of this dispute.

### A.   Plaintiff Seeks to Recover Fees for Tasks Beyond Those Involved in Briefing Plaintiff's Motion to Compel.

Plaintiff seeks to be awarded fees for time spent on a number of tasks that do not involve briefing Plaintiff's Motion to Compel, as demonstrated by the time sheets included as Exhibit A to Plaintiff's Petition for Attorneys' Fees (ECF No. 87-1). Such tasks include discussions and correspondence among Plaintiff's counsel regarding overall "discovery strategy," as well as hours of preparation for the telephonic hearing on Plaintiff's Motion to Compel by multiple attorneys, even though only one attorney was needed during the hearing.

Attached hereto as **Exhibit A** is an excel document containing all of Plaintiff's time entries along with Defendants' objections, if any, to them.

To summarize, Defendants object to paying fees for the following tasks:

1. <u>Discussions and correspondence among counsel regarding discovery</u>

   Such tasks are included in Mr. Snow's entry on July 2, and portions of his entries on July 3, July 8, August 22, and August 23. They are also included in Mr. Hartnett's entries on July 3, July 8, and July 18, and in Mr. Klosowski's entry on July 2, and portions of his entries on July 3 and August 22.

2. <u>Filing supplement to motion to compel by multiple attorneys</u>

   Such tasks are included in portions of Mr. Snow and Mr. Hartnett's July 8 entries.

3. <u>Preparing for and attending telephonic motion to compel hearing by multiple attorneys, reviewing Court Orders, and unspecified communications with the Court</u>

   Such tasks constitute portions of Mr. Snow's August 22 and August 23 entries, portions of Mr. Klosowski's August 22 and August 23 entries, and the entirety of his August 21 entry.

4. <u>Working on portions of Plaintiff's Reply Brief in Support of the Motion to Compel not first addressed with undersigned counsel</u>

   As discussed in more detail in Defendants' Objections to Portions of the Relief Granted in Response to Plaintiff's Motion to Compel (ECF No. 69 at pp. 7-8), Plaintiff's Reply Brief discussed at length issues not first addressed with undersigned counsel, as required by Local Rule 37(E). Work on Plaintiff's Reply Brief constitute all entries from Crenshaw, Ware and Martin professionals from July 21 through July 23, but for the sake of simplicity, Defendants object only to Mr. Hartnett's July 8 entry pertaining to the Reply Brief. Defendants object to both of Mr. Klosowski's entries (July 23 and a portion of his July 18 entry) regarding this as billing multiple attorneys for the same brief.

   While Plaintiff's practice of lumping together multiple tasks for each time entry without

identifying the amount of time spent on each individual task, *i.e.*, block billing,[1] makes it

impossible to calculate precisely the total time claimed by Plaintiff for tasks unrelated to briefing

---

[1] With the exception of four entries—Mr. Snow's July 23, 2019 entry, Mr. Hartnett's July 29, 2019 entry, and Mr. Klosowski's July 2, 2019 and July 23, 2019 entries—all of opposing counsel's time entries include block billing, making it impossible to determine exactly how much time was spent on each task related to briefing the motion to compel and thus evaluate the reasonableness of the time expended on briefing the motion to compel. As but one example, Mr. Snow's entry from July 3, 2019 lists the following tasks under a 5.1 hour block: "Determine need for Motion to Compel and forms of relief available; verify Rules re: same; draft edits to motion; draft sections of Memorandum in Support; emails with client and co-counsel re: same and approach to arguments; confirm filing."

the motion to compel, such tasks appear to constitute approximately half of the 35.3 hours

claimed by Plaintiff's attorneys as having been expended. *See* Exhibit A.

### B. The Issues Presented by Plaintiff's Motion to Compel Were Not Complex.

Plaintiff also exaggerates the complexity of the issues presented. It is well-established

that "the fee applicant…bears the burden of establishing by clear and convincing evidence the

amount of a reasonable fee in the circumstances." *Guidry v. Clare,* 442 F. Supp. 2d 282, 293

(E.D. Va. 2006); *see also Plyler v. Evalt,* 902 F.2d 273, 277 (4th Cir. 1990)). Plaintiff has failed

to meet its burden to establish that a total of 35.3 hours by three attorneys is a reasonable

expenditure of time for a straightforward motion to compel involving a missed deadline. *See,*

*e.g., Burkett ex rel. Estate of Burkett v. AIG Claim Services, Inc.,* 244 F.R.D. 328, 332 (N.D. W.

Va. 2005) (finding 17 hours to be "an ample amount of time to spend on" a motion to compel

which the party requesting fees claimed took 34 hours); *see also Project Vote/Voting for*

*America, Inc. v. Long,* 887 F. Supp. 2d 704, 714 (E.D. Va. 2012) ("The Fourth Circuit has been

sensitive to the need to avoid use of multiple counsel for tasks where such use is not justified by

the contributions of each attorney. As such, the court will award fees for the time of one attorney

when an issue does not require the attention of multiple lawyers.") (quotations omitted).

In an effort to support its inflated fee request, Plaintiff makes the remarkable argument

that its motion was unusually complex because the Defendants had the audacity to continue

producing discovery to the Plaintiff while Plaintiff's Motion to Compel was pending. *See* ECF

No. 87 at 4 (arguing Defendants efforts to respond and object to requests while Plaintiff's

Motion was pending "caused TRS to continually revisit its relief.") That argument should be

rejected out of hand. The Defendants should not be penalized because they worked diligently

over the summer to produce information as quickly and efficiently as they could, while Plaintiff's Motion to Compel was still pending.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiff's petition for an award of $11,150, and should instead award the Plaintiff no more than $3,398, which is the reasonable amount of attorneys' fees for briefing the motion to compel.

Dated: October 29, 2019                                Respectfully submitted,

/s/ Rebecca S. LeGrand
Rebecca S. LeGrand (VSB No. 89859)
LEGRAND LAW PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
Tel: (202) 587-5725
rebecca@legrandpllc.com

*Counsel for Defendants Burlington Medical, LLC and Phillips Safety Products, Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 29, 2019, a copy of the foregoing was served by electronically filing a copy with the clerk of the court using the ECF filing system which automatically notifies all registered counsel of record.

> _/s/_ Rebecca S. LeGrand
> Rebecca S. LeGrand (VSB No. 89859)
> LEGRAND LAW PLLC
> 1100 H Street NW, Suite 1220
> Washington, DC 20005
> Tel: (202) 587-5725
> rebecca@legrandpllc.com