

FILED

NOV 15

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRANS-RADIAL SOLUTIONS, LLC,

    Plaintiff,

v.                                                                                  CIVIL ACTION NO. 2:18-cv-656

BURLINGTON MEDICAL, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Trans-Radial Solutions, LLC's ("Plaintiff" or "TRS") Petition for Attorneys' Fees. ECF No. 87. Fees will be awarded to Plaintiff in accordance with this Order.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 20, 2019, Magistrate Judge Robert J. Krask entered the discovery order that is the genesis of the instant matter. ECF No. 36. On May 22, 2019, Plaintiff propounded its first discovery requests on the Defendants. ECF No. 41-A–F. Pursuant to local rules and the applicable Federal Rules of Civil Procedure, objections to the Plaintiff's discovery requests were due on June 6, 2019, while answers and responses to Plaintiff's discovery requests were due on June 21, 2019. *See* Local Civ. R. 26(C); Fed. R. Civ. P. 34, 36.

On June 20, 2019, defense counsel contacted opposing counsel requesting an extension until July 5, 2019 to serve both responses and objections, despite the fact that objections were due 14 days earlier and answers and responses were due the next day. ECF No. 41-7. Counsel for each of the parties conferred again on June 24, 2019 and were unable to resolve their discovery disputes. *Id.* On June 27, 2019, the parties were directed to engage in a process requiring them to report all claims in controversy by July 29, 2019. ECF No. 39. On July 3, 2019, Plaintiff filed a

1

Motion to Compel Discovery after not receiving any discovery material from the Defendants. ECF Nos. 40, 41. On July 8, 2019, Plaintiffs supplemented their Motion to Compel Discovery with a Notice regarding its Motion to Compel, explaining that Defendants still had not provided any of the requested discovery material. ECF No. 42. Defendants responded to the Plaintiff's Motion to Compel Discovery on July 18, 2019. ECF No. 49. Plaintiffs replied to Defendant's response on July 23, 2019. ECF No. 50. It is also noted that the parties were unable to agree on the timing of their settlement conference based on their discovery disputes and litigated that issue accordingly. *See* ECF Nos. 45–47, 51, 52, 57.

On August 23, 2019, Plaintiff's Motion to Compel Discovery was granted in part and denied in part. ECF No. 66. Relevant to the instant matter, Plaintiff's request for reasonable expenses, including attorneys' fees incurred in briefing their Motion to Compel Discovery, was granted and the parties were directed to confer regarding the expenses associated with the motion. *Id.* On September 6, 2019, Defendants submitted their Objections to the Order granting Plaintiff's Motion to Compel Discovery. ECF No. 69. On October 1, 2019, the Defendants' Objections to the Order partially granting Plaintiff's Motion to Compel Discovery were overruled. ECF Nos. 84, 86. The parties were subsequently unable to agree on the fees associated with the Plaintiff's Motion to Compel Discovery, so Plaintiff's counsel submitted a Petition for Attorneys' Fees on October 15, 2019. ECF No. 87. In their Petition for Attorneys' Fees, Plaintiff claims expenses of $11,150. *Id.* Defendants responded in opposition to the Plaintiff's Petition on October 29, 2019. ECF No. 88. Plaintiff replied to the Defendants' response in opposition on November 4, 2019. ECF No. 91. This matter is now ripe for disposition.

## II. LEGAL STANDARDS

In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To determine the lodestar figure, courts within the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") apply the twelve-factor test first set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). The Fourth Circuit has summarized the *Johnson/Barber* factors to include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) *citing Spell v. McDaniel*, 824 F.2d 1380, 1402 n. 18 (4th Cir. 1987).

After calculation of the lodestar figure, the court should subtract fees for hours spent on claims unrelated to successful ones. *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). Once the court has subtracted the fees incurred for unsuccessful or unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the party entitled to the attorneys' fee award. *Id.*

## III. DISCUSSION

In the instant matter, Plaintiff's counsel claims 35.3 hours (32.7 attorney hours and 2.6 paralegal hours) went into (1) preparation of the original Motion to Compel (ECF Nos. 40, 41);

3

(2) preparation of the Notice Regarding Motion to Compel (ECF No. 42); preparation of the Reply Brief in Support of the Motion to Compel (ECF No. 50); and preparation for the August 23, 2019 hearing on the Motion to Compel and the associated briefings. *See* ECF No. 66.

### A. Application of the *Johnson/Barber* Factors

*1. Time and Labor Expended and Novelty and Difficulty of the Issues*

Generally, the novelty and complexity of the issues are reflected in the total number of billable hours. *Blum v. Stenson*, 465 U.S. 886, 898 (1984). In other words, the first two *Johnson* factors are inseparably linked to one another. Plaintiff's counsel's fee request relevant to these factors relies on two contentions: (1) the total number of recorded billable hours was 35.3 hours (32.7 attorney hours and 2.6 paralegal hours); and (2) the difficulties presented by the Defendants' noncompliance with discovery procedures. As an initial matter, the Court notes that Plaintiff's counsel's representation to the Court of the total number of recorded billable hours appears to be incorrect. By the Court's calculations, Plaintiff's counsel requests an award for a total of 36.8 billable hours, rather than the 35.3 hours that was presented to the Court in the Petition for Attorneys' Fees. ECF No. 87 at 4. The Court arrived at its calculation by adding the billed time for Attorney W. Ryan Snow (14.3 hours), Attorney David C. Hartnett (14.7 hours), Paralegal Dawn Smith (2.6 hours), and Attorney Bernard S. Klosowski (5.2 hours), which amounts to 34.2 attorney hours and 2.6 paralegal hours for a grand total of 36.8 billable hours.

After reviewing Plaintiff's Petition for Attorneys' Fees and the relevant docket entries, the Court finds 31.1 hours to be the maximum number of compensable hours related to the Motion to Compel. More specifically, the Court finds the following billable hour allocations to be supported by the record: 13.2 hours for Attorney W. Ryan Snow, 13.5 hours for Attorney David C. Hartnett, 2.6 hours for Paralegal Dawn M. Smith, and 4.4 hours for Attorney Bernard

S. Klosowski.

The Court arrived at these billable hours by making the following adjustments to the Plaintiff's Petition for Attorneys' Fees. First, the Court equated the billable time for the July 2, 2019 phone call between Attorney Snow and Attorney Klosowski to discuss the drafting of the Motion to Compel, resulting in a reduction of 0.3 hours for Attorney Snow. Next, the Court eliminated all billed time for drafting notice filings to the Court, a task that is more suitable for a paralegal. This resulted in reductions of 0.4 hours for Attorney Hartnett and Attorney Snow on July 8, 2019, and Attorney Hartnett on July 29, 2019. The Court also reduces 0.4 hours of Attorney Klosowski's claimed time on August 21, 2019. While the time in question here was generally related to discovery, the Order issued on August 21, 2019 was about the cancellation of a *Markman* hearing and did not directly arise from the Motion to Compel discovery. ECF No. 63. Finally, the Court notes that some of the material in the Plaintiff's Reply to the Motion to Compel was either unsuccessful or related to their request for a postponement of the settlement conference between the parties. *See* ECF No. 50 at 9–10, *Id.* at n. 4. Therefore, reductions of 0.4 hours for Attorney Hartnett, Attorney Klosowski, and Attorney Snow for their roles in drafting the Reply brief are warranted.

The Court also does not underestimate the difficulties Defendants' noncompliance with discovery procedures created, which are apparent from examining the docket entries in this case. The Court further notes that discovery disputes have consumed an inordinate amount of attorney time and judicial resources. In order to improve the litigation process in this case, Defendants will need to remedy "a near total failure and discovery and compliance with the Rules." *See* ECF No. 78-1 at 26–27.

## 2. Reasonable Rates for Billing

Factors three, five, six, and nine identified in *Johnson* all concern the reasonable rate counsel charged. *Castel v. Advantis Real Estate Servs. Co.*, 2008 WL 3348774, at *3 (E.D. Va. Aug. 8, 2008). The reasonable rate is to be calculated according to the prevailing market rates in the relevant community. *Id.*

Plaintiff's counsel has provided Exhibits of the attorneys' and paralegal's hourly rates and a declaration stating that these rates are reasonable and consistent with the rates of other professionals with comparable knowledge, competency, and experience. *See* ECF No. 87-2. Fees were calculated using the following rates: attorney time for local partner W. Ryan Scott at $350.00 per hour; attorney time for local senior associate David C. Hartnett at $250.00 per hour; paralegal time for Dawn Smith at $150.00 per hour; and attorney time for Greenville, South Carolina partner Bernard S. Klosowski at $400.00 per hour. After examining the declaration of Attorney Snow and reviewing hourly rates for attorneys and paralegals with comparable experience, the Court concludes that these rates are acceptable for the Norfolk legal market.

## 3. Preclusion of Other Employment Due to Circumstances

The fourth and seventh *Johnson* factors focus on the attorneys' opportunity costs and the time limitations imposed by the client or the circumstances. The Court finds that there were significant limitations imposed by the circumstances of the Defendants' noncompliance with discovery procedures, potentially resulting in opportunity costs for Plaintiffs' counsel. Accordingly, these factors support an award for attorneys' fees.

## 4. Amount Involved and Results Obtained

The Court reiterates the previous finding that Defendants violated the discovery rules and that Plaintiff is entitled to its reasonable fees and expenses incurred in making its Motion to

Compel. Accordingly, the Court finds that the Motion to Compel was largely successful and achieved a desirable outcome for the Plaintiff.

### 5. *Undesirability of the Case*

This factor is neutral for purposes of the motion to compel.

### 6. *Nature and Length of Professional Relationship with Client*

According to the Petition for Attorneys' Fees, Attorney Klosowski has represented Plaintiff since it applied for the patent-in-suit, while local counsel was retained at the outset of the instant case. The Court finds the relationship between lead counsel, local counsel, and their client to be meaningful.

### 7. *Awards in Similar Cases*

In support of its request for an attorney fee award of $11,150, Plaintiff contends that "[i]n similar cases in this Circuit, parties have received fees higher than those requested by TRS." ECF No. 87 at 8. The Court finds that the context of parties' noncompliance with its discovery obligations to be more persuasive than the "sticker price" imposed by courts as a remedy for their noncompliance. Nevertheless, the Court also finds that Plaintiff's Petition for relief is within a reasonable range of attorneys' fee awards for repeated discovery violations.

## B. Reduction of the Fee Award

Following consideration of the *Johnson* factors, the Court is to deduct any fees for hours spent on unsuccessful claims and then "award[] some percentage of the remaining amount, depending on the degree of success enjoyed by the [moving party]." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). The Court has already made the appropriate reductions to the attorney fee award, as noted in Section A.1 of this Order. No further reductions to the fee award are required.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Attorneys' Fees is **GRANTED**.

Defendants shall pay Plaintiff's legal fees in the amount of $10,145.00.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November /5, 2019

/s/
Raymond A. Jackson
United States District Judge