

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TRANS-RADIAL SOLUTIONS, LLC,

    Plaintiff,

v.                                                                    CIVIL ACTION NO. 2:18-cv-656

BURLINGTON MEDICAL, LLC, et al.,

    Defendants.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff Trans-Radial Solutions, LLC's ("TRS" or "Plaintiff") Motion for Summary Judgment on Liability, Defendants Burlington Medical, LLC, Fox Three Partners, LLC, and Phillips Safety Products, Inc.'s Motion for Summary Judgment, and Defendant John Williams's Motion for Summary Judgment (the "cross motions"). ECF Nos. 149, 155, 163. The parties' cross motions were filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is **DENIED**. Defendants Burlington Medical, LLC, Fox Three Partners, LLC, and Phillips Safety Products, Inc.'s Motion for Summary Judgment is **GRANTED** on Count VI, **GRANTED IN PART** on Counts VII and XI, and **DENIED** on all remaining counts. Defendant John Williams's Motion for Summary Judgment is **DENIED**.

### I. FACTUAL & PROCEDURAL HISTORY

On December 12, 2018, Plaintiff filed the instant action against four defendants: Burlington Medical, LLC ("Burlington"), John Williams ("Williams"), Fox-3 Partners LLC ("Fox Three"), and Phillips Safety Products, Inc. ("Phillips") (collectively "Defendants"). *See* Complaint ("Compl."),

1

ECF No. 1. The Complaint initially alleged thirteen counts; however, the following ten counts remain:

- **Count I:** Patent Infringement (*against Burlington and Phillips*)
- **Count II:** Copyright Infringement Reproduction (*against Burlington and Phillips*)
- **Count III:** Copyright Infringement Marketing and Sale (*against Burlington and Phillips*)
- **Count IV:** Unfair Competition, False Advertising and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a) (*against all Defendants*)
- **Count VI:** Common Law Passing Off (*against all Defendants*)
- **Count VII:** Tortious Interference with Prospective Contractual Relations (*against all Defendants*)
- **Count VIII:** Conversion (*against Williams and Burlington*)
- **Count X:** Breach of Contract (*against Burlington*)
- **Count XI:** Civil Conspiracy (*against all Defendants*)
- **Count XII:** Misappropriation of Trade Secrets, 18 U.S.C. § 1836 (*against Williams, Burlington, and Fox Three*)

Upon completion of discovery, the parties filed their respective motions for summary judgment and accompanying memoranda. *See* ECF Nos. 149, 155, 163. Each party filed responses to the cross motions for summary judgment. *See* ECF Nos. 179, 182, 185, 189. Plaintiff and Defendants Burlington, Fox Three, and Phillips then filed replies. *See* ECF Nos. 194 and 199. While the parties rarely agreed on many of the underlying facts in their cross motions for summary judgment, the undisputed facts relevant to this Memorandum Opinion and Order are as follows:

- TRS developed two radiation protection products named the Rad-Guard and the Cardio-TRAP. ECF No. 159 at 6, ECF No. 151 at 3.

- On October 15, 2014, TRS entered into a Non-Exclusive Distributorship Agreement (the "Distribution Agreement") with Burlington Medical Supplies Inc. ("BMS") for the distribution of TRS's Rad-Guard and the Cardio-TRAP. ECF No. 159 at Ex. 12, ECF No. 151 at Ex. 9.

- The Distribution Agreement required, among other things, that BMS "agrees not to engage in the distribution[,] promotion, marketing or sale of any goods or products that compete or conflict with Manufacturer's Products." *Id.*

- On December 4, 2014, TRS filed a provisional patent application for the Rad-Guard. ECF No. 159 at 7. The Rad-Guard (i.e. the patent-in-suit) was later issued Patent Number 9,795,346 by the U.S. Patent and Trademark Office. ECF No. 151 at Ex. 1.

- Burlington was created on April 30, 2015. ECF No. 179 at 6, ECF No. 151 at Ex. 16. Burlington's owners/stockholders include Defendant Fox Three, Defendant Williams, Fox-Peninsula Holdings Inc., and The Peninsula Fund V Limited LLC. *Id.*

- The factual evidence is inconclusive as to the relationship between BMS and Burlington. While Defendants argue that Burlington is a new company, separate from BMS and not bound to the Distribution Agreement, ECF No. 179 at 6-7, Plaintiff argues that "[Burlington] is a continuation of [BMS]" and obligated to abide by the terms of the Distribution Agreement, ECF No. 183 at 2. It is undisputed, however, that after Burlington was created, Burlington sold Rad-Guards and Cardio-Traps on behalf of Plaintiff. ECF No. 151 at 10.

- In late 2015, Burlington began selling its own radiation protection equipment named the IV Mounted Barrier. ECF No. 159 at 8. Burlington and Burlington's former chief executive officer, Defendant Williams, worked with Phillips to manufacture and sell the IV Mounted Barrier. ECF No. 151 at 7-8, ECF No. 179 at 7.

- In August of 2015, McLaren Bay Regional Hospital ("McLaren Bay") purchased a Rad-Guard through Burlington. ECF No. 151 at Ex. 11. In April of 2017, an employee of McLaren Bay contacted TRS to purchase more Rad-Guards. ECF No. 159 at 31. TRS then referred McLaren Bay back to Burlington to purchase the Rad Guard. ECF No. 151 at Ex. 11.

3

    McLaren Bay ultimately contacted Burlington and purchased two IV Mounted Barriers from Burlington. ECF No. 151 at Ex. 11, ECF No. 159 at 9-10, ECF No. 159 at Ex. 31. The factual evidence is inconclusive as to how and why McLaren Bay purchased the IV Mounted Barriers instead of the Rad-Guards.

- To promote the IV Mounted Barrier product, Burlington used an advertising template that was the same as, or substantially similar to, the flyer TRS used to market its Rad-Guard. ECF No. 151 at 11, ECF No. 179 at 7. TRS's flyer contained copyrighted photographs of the Rad-Guard. *Id.* The copyrighted images are associated with Copyright Registration Numbers VAu 1-260-031 (the "'013 Registration") and VA 2-178-713 (the "'713 Registration"). ECF No. 151 at 4 and Exs. 5 and 6. The factual evidence is inconclusive as to whether the copyright is valid and whether Burlington copied the copyrighted images when it created its own promotion materials.

Plaintiff seeks summary judgment for liability on all ten of the remaining counts in controversy. Likewise, Defendants Burlington, Fox Three, and Phillips seek summary judgment for each of the ten counts, claiming that Plaintiff will be unable meet its burden of proof at trial. Defendant Williams seeks summary judgment for the five remaining counts against him, alleging that Plaintiff has produced insufficient evidence to 'pierce the corporate veil.' The parties contend that there are no issues of genuine fact despite clear disagreement on most of the facts in support of each count in controversy. Upon review of the parties' filings, the Court finds that a hearing is not required, and the parties' cross motions are now ripe for disposition.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When considering cross-motions for summary judgment, the Court "must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (*quoting Philip Morris, Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by, Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) ); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411–12 (4th Cir. 1986) (noting that the

nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

## III. DISCUSSION

### A. Plaintiff and Defendants Burlington, Fox Three and Phillips's Cross Motions for Summary Judgment

Upon review, the Court finds genuine issues of material fact on each claim that Plaintiff raised in its Motion for Summary Judgment. Therefore, Plaintiff is not entitled to summary judgment on any of the ten remaining counts. However, with regard to Defendants' Motion, the Court will assess whether Plaintiff's claims for common law passing off (Count VI), tortious interference with prospective contractual relations (Count VII), and civil conspiracy (Count XI) contain sufficient evidence to survive Defendants' Motion for Summary Judgment. All other counts raised in Defendants' Motion contain triable issues of fact reserved for the fact finder.

#### a. *Count VI – Common Law Passing Off*

Passing off "occurs when a defendant misrepresents its products as those of the plaintiff.... By contrast, 'reverse passing off'... occurs either (1) 'when the wrong doer removes the name or trademark on another party's product and sells that product under a name chosen by the wrongdoer,' or (2) 'when the wrongdoer ... removes or otherwise obliterates the name of the manufacturer or source and sells the product in an unbranded state.'" *See Rutledge v. High Point Regional Health System*, 558 F. Supp. 2d 611, 620 (M.D. N.C. May 6, 2008) (citations omitted). Plaintiff alleges that Burlington and Phillips "remov[ed] or obliterate[ed] TRS's trademark from TRS's copyrighted photographs to create derivative marketing materials." ECF No. 151 at 29. Therefore, Plaintiff accuses Defendants of reverse passing off rather than passing off.

Case law within the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit")

supports a finding that a state cause of action for reverse passing off is pre-empted by copyright infringement claims under the Copyright Act. *See Fischer v. Viacom Intern. Inc.*, 115 F.Supp.2d 535, 540 (D.Md.2000). "To determine whether a state claim is preempted by the Act, courts must make a two-part inquiry: (1) the work must be within the scope of the subject matter of copyright, and (2) the state law rights must be equivalent to any exclusive rights within the scope of federal copyright." *Id.* (citation omitted). In evaluating part one of the inquiry, the scope of copyright infringement encompasses "original works of authorship fixed in any tangible medium of expression" including literary, pictorial, and audiovisual works. 17 U.S.C. § 102(a) (1996). Accordingly, because all of Plaintiff's copyright claims involve the alleged infringement of its photographs, and because photographs are pictorial works within the scope of copyright infringement, the first prong of this inquiry is established.

"The second prong of the preemption inquiry requires a court to examine the rights a plaintiff claims under state law to determine whether these rights are equivalent to the exclusive rights granted by the Copyright Act." *Fischer*, 115 F.Supp.2d at 541. "To avoid preemption, a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement, and must regulate conduct qualitatively different from the conduct governed by federal copyright law." *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir.1993).

Upon review, reverse passing off is a common law cause of action with no explicitly defined elements in Virginia jurisprudence. In lieu of inferring the common law elements, when "determin[ing] whether the state law cause of action differs qualitatively from a Copyright Act claim,... the court has reverted to examining the allegations underlying the state law cause of action." *Rutledge*, 558 F. Supp. 2d at 618; *see also United States ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir.1997); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 229

(4th Cir.1993). Here, the allegations undergirding Plaintiff's reverse passing off claim are one in the same as the copyright claims. In support of Plaintiff's copyright infringement claims, Plaintiff alleges that "Burlington and Phillips, without the authorization or consent of TRS, constructed and sold IV Mounted Barriers based on TRS's photographs under the '031 Registration." Compl. ¶ 108. Similarly, Plaintiff's reverse passing off claim alleges that "Defendants have used and are using an infringing product, the IV Mounted Barrier, that is confusingly similar to the Rad-Guard™ Radiation Barrier." Compl. ¶ 138. Plaintiff uses the same facts to allege the unlawful use of Plaintiff's product to create Defendants' product.

In further support of this finding, the *Rutledge* court held that "[w]hen predicated on the facts underlying a claim of copyright infringement, reverse passing off fails to constitute the extra element necessary to avoid preemption by the Copyright Act." 558 F. Supp. 2d at 621. Plaintiff's reverse passing off claim merely duplicates the copyright owner's exclusive rights to reproduce and distribute under 17 U.S.C. § 106(1-3). Therefore, this claim must be dismissed as a matter of law.

### b. *Count VII - Tortious Interference with Prospective Contractual Relations*

Tortious interference requires satisfaction of the following elements: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) the interfering party's intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 112, 120 (1985). While tortious interference with a business expectancy does not require an established contract, there must be at minimum a specific, prospective business relationship. The accusing party must demonstrate "a probability of future economic benefit" and "a reasonable certainty that absent [Plaintiff's] intentional misconduct, [Defendant] would have ... realized the

expectancy." *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 484 S.E.2d 892, 896 (1997) (citation omitted).

Plaintiff alleges that "TRS had a valid business expectancy with every customer to whom Burlington distributed, marketed, and sold the IV Mounted Barrier." ECF No. 151 at 32. As a factual matter, the only IV Mounted Barrier purchaser which Plaintiff discusses having a *specific* business relationship is McLaren Bay. Burlington sold a Rad-Guard to McLaren Bay in 2015. After TRS referred McLaren Bay back to Burlington to purchase more Rad Guards in March of 2017, McLaren Bay ultimately purchased an IV Mounted Barrier. A reasonable construction of the established facts demonstrates that TRS expected Burlington Medical to act as a middleman in the sale of Rad-Guards to McLaren Bay. Whether a business expectancy existed, whether intentional interference occurred, and whether McLaren Bay would have still purchased the Rad Guard absent such interference are factual matters reserved for jury determination.

Plaintiff's remaining business expectancies, however, are unqualified under Virginia law. Plaintiff points to various emails and promotion materials that Burlington used to sell its IV Mounted Barrier as actions taken to tortuously interfere with Plaintiff's potential customers – i.e. business expectancies. ECF No. 151 at 31. Plaintiff does not point to any evidence that Plaintiff established any business relationship for the sale of Plaintiff's own products to the alleged potential customers. "The evidence of an expectancy must establish expectancy by and between two parties at least, based upon something that is a concrete move in that direction." *Moore v. United Int'l Investigative Servs.*, 209 F. Supp. 2d 611, 619–620 (E.D. Va. 2002). Plaintiff has alleged no evidence of any concrete business relationships or expectancies between Plaintiff and the customers to which Burlington sold their IV Mounted Barriers. "[P]roof of subjective expectations will not suffice... [T]he proof must establish a 'probability' of future economic benefit to a plaintiff. Proof of a 'possibility' that such

benefit will accrue is insufficient." *Halifax Corp.*, 253 Va. at 301. Accordingly, Plaintiff's tortious interference with a business expectancy claim is limited to the expectancies associated with McLaren Bay only.

### c. *Count XI – Civil Conspiracy*

There is factual support for TRS's claim that Defendants were engaged in a civil or statutory conspiracy in furtherance of the unlawful acts associated with various counts in the Complaint. However, a state law cause of action that is not qualitatively different from a plaintiff's underlying copyright and patent infringement claims are preempted by the Copyright Act. *See Tire Engineering and Distribution, LLC v. Shandong Linglong Tire Company, Ltd.*, 682 F.3d 292, 312-13 (4th Cir. 2012); *see also Mician v. Catanzaro,* 2018 WL 2977398, *6 (E.D.Va. Jun. 13, 2018). In examining this issue, the Fourth Circuit concluded:

> "[u]nder Virginia law, '[t]he gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use an unlawful means.'…. Thus the core of the claim for conspiracy to infringe copyrights is identical to that under the Copyright Act, and the extra element of agreement or combination does not make it otherwise."

*Tire Engineering and Distribution, LLC*, 682 F.3d at 312 (citations omitted).

Furthermore, this Court has indicated, and the United States Court of Appeals for the Federal Circuit agrees, that "there is no statute in the federal laws concerning patents which gives rise to a cause of action for 'conspiracy.'" *International Rectifier Corp. v. Samsung Electronics Co., Ltd.*, 361 F.3d 1355, 1361 (Fed. Cir. 2004) (citing *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 699 n. 15 (E.D.Va.2000)). Accordingly, the underlying unlawful act for Plaintiff's alleged state conspiracy claims cannot be based upon Plaintiff's federal patent infringement claims (Count I) or federal copyright infringement claims (Counts II and III). The only

remaining claims that Plaintiff may rely upon in furtherance of its civil and statutory conspiracy allegations are Counts IV, VII, VIII, X, and XII.

### B. Defendant Williams's Motion for Summary Judgment

Defendant Williams's Motion for Summary Judgment generally addressed several points of factual contention between the parties. Upon review, Williams's motion sets forth two legal arguments: 1) that Plaintiff is unable to "pierce the corporate veil" as Williams acted on behalf of Burlington in his capacity as the chief executive officer, and 2) that Plaintiff's calculation for damages are speculative. Williams does not specify which counts these legal arguments are to be applied to; however, the Court recognizes that only five counts remain against Williams: Counts IV, VII, VIII, XI and XII. Upon review, the Court finds a genuine dispute as to the material facts underlying each of the five remaining counts. For these reasons, Defendant Williams's Motion for Summary Judgment is Denied.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, that Defendants Burlington Medical, LLC, Fox Three Partners, LLC, and Phillips Safety Products, Inc.'s Motion for Summary Judgment is **GRANTED** on Count VI, **GRANTED IN PART** on Counts VII and XI, **DENIED** on all remaining counts, and Defendant John Williams's Motion for Summary Judgment is **DENIED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 30, 2020

Raymond A. Jackson
United States District Judge